Gregory S. Fisher, Bar No. 9111084
gsfisher@littler.com
Corey Dunn, Bar No. 2411114
cjdunn@littler.com
Mara Swanson, Bar No. 2509063
mswanson@littler.com
Sarah Beth Jones, Bar No. 1911110
sarjones@littler.com
LITTLER MENDELSON
880 H Street, Suite 102
Anchorage, Alaska 99501
Telephone:    907.561.1214
Facsimile:    907.561.1215

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION DBA
STARBUCKS COFFEE #25371

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

LITTLER MENDELSON, P.C.
880 H Street, Suite 102
Anchorage, Alaska 99501
907.561.1214

| | |
|---|---|
| **Anita Bosman,**<br><br>Plaintiff,<br><br>**v.**<br><br>**Starbucks Corporation dba Starbucks Coffee #25371,**<br><br>Defendant. | Case No. 3:26-cv-00201<br><br>NOTICE OF REMOVAL |

## <u>NOTICE OF REMOVAL</u>

Defendant Starbucks Corporation ("Starbucks") hereby removes Case No. 3AN-26-06048CI from the Superior Court for the Third Judicial District at Anchorage to the United States District Court of Alaska pursuant to 28 U.S.C. §§ 1331, 1332(a), 1367, 1441, and

1446(b), and as grounds for its removal states as follows:

LITTLER MENDELSON, P.C.
880 H Street, Suite 102
Anchorage, Alaska 99501
907.561.1214

## STATEMENT OF THE CASE

1.      On April 6, 2026, Plaintiff Anita Bosman filed a Complaint against Starbucks in the Superior Court for the Third Judicial District at Anchorage styled *Anita Bosman v. Starbucks Corporation dba Starbucks Coffee #25371*, Case No. 3AN-26-06048CI (the "State Court Action"). A copy of the Summons and Complaint is attached hereto as **Exhibit A.**

2.      Starbucks was served with the Summons and Complaint on April 20, 2026. *Id*.

3.      Plaintiff's Complaint purports to assert the following causes of action against Starbucks: (A) Violation of the Age Discrimination in Employment Act and The Alaska Human Rights Act – Age Discrimination and Compensation Discrimination, (B) Violation of the Age Discrimination in Employment Act and the Alaska Human Rights Act – Retaliation, (C) Wrongful Discharge in Violation of Alaska Public Policy and the Covenant of Good Faith and Fair Dealing, and (D) Violation of the Alaska Human Rights Act – Gender/Sex Discrimination. *See* Plaintiff's Complaint ("Compl."). Each of Plaintiff's claims arises from her contention that Starbucks wrongfully terminated her after determining that she had violated its policies. *Id*. at ¶¶2.14-2.15.

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

4.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which

NOTICE OF REMOVAL               Page 2 of 8

provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.*

5.      Plaintiff specifically alleges Starbucks violated the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.*, which is a federal statute.  *See* Compl. at ¶¶ 1.3; 3.1-3.17.  This Court therefore has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

## SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367

6.      Having original jurisdiction based on Plaintiff's ADEA claims, the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's remaining claims because they arise from a common nucleus of facts and are directly related to the claims over which the Court has original jurisdiction.  *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1186 (9th Cir. 2022) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

7.      This Court also has original jurisdiction over this matter as it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(a)(1), 1441(b).

LITTLER MENDELSON, P.C.
880 H Street, Suite 102
Anchorage, Alaska 99501
907.561.1214

NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
880 H Street, Suite 102
Anchorage, Alaska 99501
907.561.1214

### A. There is complete diversity between the parties.

8. For purposes of diversity, a corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is often referred to as the corporation's "nerve center," which will typically be found at its corporate headquarters. *Id*. at 80-81.

9. Starbucks is incorporated in the state of Washington and has its headquarters in Seattle, Washington. *See* Certificate of Authority and 2025 Biennial Report attached hereto as **Exhibit B**; Declaration of Tasha Richardson ¶4 attached hereto as **Exhibit C**. The company's primary executive, administrative, financial, and management functions are in Seattle, Washington, where its corporate officers direct, control, and coordinate its activities. *Id.* Accordingly, Starbucks is a citizen of Washington.

10. Citizenship of a natural person is established by domicile. A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Residence creates a presumption of one's domicile. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary").

11. A notice of removal only needs to contain "plausible allegations of the jurisdictional elements" and "need not contain evidentiary submissions." *Acad. of*

NOTICE OF REMOVAL

Page 4 of 8

*Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021). A "defendant's allegations of citizenship may be based solely on information and belief … at least in the absence of a factual or as-applied challenge." *Gentry v. Ash Grove Cement Co.*, No. 2:25-CV-00116-HL, 2025 WL 1449030, at \*3 (D. Or. May 1, 2025), report and recommendation adopted, No. 2:25-CV-00116-HL, 2025 WL 1446048 (D. Or. May 19, 2025) (quoting *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019)).

12. Here, Plaintiff alleges in her Complaint that she resided within the state of Alaska at "all relevant times" and relocated to Idaho in 2025 following her termination. *See* Compl. at ¶¶ 1.1; 2.26. Thus, upon information and belief, Plaintiff is a resident and citizen of the state of Idaho. There is no evidence or indication that Plaintiff is a citizen of the state of Washington.

13. Complete diversity thus exists between the parties.

**B. The amount in controversy exceeds the statutory threshold.**

14. Plaintiff's Complaint also contemplates an amount in excess of $75,000, exclusive of interest and costs. Under Ninth Circuit precedent, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Acad. of Country Music*, 991 F.3d at 1068.

15. Here, Plaintiff alleges in her Complaint that her annual salary at Starbucks was $87,000, that she was terminated on April 11, 2025, and that she is entitled to backpay damages. Compl. ¶2.1; 2.15; 3.7; Prayer for Relief ¶1. Plaintiff filed suit on April 6, 2026 and served her Complaint on April 20, 2026. The removal date is on or about May 20, 2026. Thus, Plaintiff's alleged backpay damages as of the date of removal

LITTLER MENDELSON, P.C.
880 H Street, Suite 102
Anchorage, Alaska 99501
907.561.1214

NOTICE OF REMOVAL

already exceed $75,000.  Moreover, Plaintiff also alleges front pay damages, emotional

distress damages, punitive damages, attorney's fees, and compensatory damages for all

economic losses not otherwise captured by back pay and front pay.  *Id.* at Prayer for

Relief ¶¶ 2-9; *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)

(internal quotations omitted) (holding that the "amount in controversy may include

damages (compensatory, punitive, or otherwise) … as well as attorneys' fees awarded

under fee shifting statutes").  Thus, Plaintiff's total alleged damages easily exceed the

statutory threshold.

15. The parties are therefore completely diverse and the amount in controversy

exceeds $75,000, exclusive of interests and costs.  This matter is thus removable pursuant

to 28 U.S.C. §§ 1332 and 1441(b).

## VENUE

16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 81A, 1441(a),

1446(a), and LR 3.2(b) because the United States District Court for the District of Alaska

at Anchorage is the federal judicial district embracing the Superior Court for the Third

Judicial District at Anchorage, where the State Court Action was originally filed.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

17. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the

process, pleadings, and orders from the State Court Action which are known to Starbucks

are filed with this Notice of Removal as **Exhibit A and Exhibit D.**

18. Additionally, Starbucks will serve written notice upon Plaintiff and file a

LITTLER MENDELSON, P.C.
880 H Street, Suite 102
Anchorage, Alaska 99501
907.561.1214

NOTICE OF REMOVAL
Page 6 of 8

Notice of Filing for the Notice of Removal with the state court as provided in 28 U.S.C. § 1446(d). A copy of the Notice of Filing of the Notice of Removal is attached hereto as **Exhibit E.**

19. This Notice of Removal has been filed within 30 days of service upon Starbucks. Removal is therefore timely in accordance with 28 U.S.C. §1446(b).

**WHEREFORE,** Defendant Starbucks Corporation hereby removes the above-captioned civil action to this Court as set forth herein. By removing this matter, Defendant does not waive or intend to waive any defense.

Dated: May 20, 2026

*/s/ Corey Dunn*

Gregory S. Fisher, Bar No. 9111084
gsfisher@littler.com
Corey Dunn, Bar No. 2411114
cjdunn@littler.com
Mara Swanson, Bar No. 2509063
mswanson@littler.com
Sarah Beth Jones, Bar No. 1911110
sarjones@littler.com
LITTLER MENDELSON
880 H Street, Suite 102
Anchorage, Alaska 99501
Telephone:    907.561.1214
Facsimile:    907.561.1215

Attorneys for Defendant Starbucks

LITTLER MENDELSON, P.C.
880 H Street, Suite 102
Anchorage, Alaska 99501
907.561.1214

NOTICE OF REMOVAL

CERTIFICATE OF SERVICE

I hereby certify this 20th day of May, 2026, that I caused a true and correct copy of the foregoing to be e-filed with the Clerk of the Court of the Court using the CM/ECF system, which will send notification of such filing on the following:

Isaac D Zorea
P. O. Box 90844
Anchorage, AK99509
(907) 830-1385
izorealaw@gmail.com

Attorney for Plaintiff

*s/ Corey Dunn*
Gregory S. Fisher
Corey J. Dunn
Mara Swanson

Attorney for Defendant

LITTLER MENDELSON, P.C.
880 H Street, Suite 102
Anchorage, Alaska 99501
907.561.1214